*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 16-BG-1149**

IN RE JAMES Q. BUTLER

A Disbarred Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 490014**

**Board Docket No. 15-BD-050**
**BDN: 135-15**

FILED **11/16/2017**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

BEFORE: Fisher, Thompson, and Beckwith, Associate Judges.

### O R D E R
(Filed - November 16, 2017)

On consideration of petitioner James Q. Butler's petition for reinstatement, the report and recommendation of the Board on Professional Responsibility Ad Hoc Hearing Committee concluding that Mr. Butler has failed to demonstrate by clear and convincing evidence that he is entitled to reinstatement pursuant to D.C. Bar R. XI, § 16 (d), this court's August 30, 2017, order directing petitioner to show cause why this court should not enter an order denying his petition for reinstatement, and Mr. Butler's response to the order to show cause, it is

ORDERED that the petition for reinstatement is hereby denied. The bar rule governing contested petitions for reinstatement, which states that "[u]pon the filing of the Hearing Committee's findings and recommendation, the Court shall schedule the matter for consideration," allows the court to decide the merits of the reinstatement petition with or without briefing. *See* D.C. Bar R. XI, § 16 (d)(2). Additionally, unlike the provisions of the bar rules governing proceedings on misconduct charges brought by the Office of Disciplinary Counsel, the reinstatement rules do not provide for the filing of exceptions to the Hearing Committee or Board's report, *see, e.g.*, D.C. Bar R. XI, § 9 (e), and do not direct the court to enter the recommended discipline in the event no exceptions are timely filed, *see, e.g.*, D.C. Bar R. XI, § 9 (h)(2). In this case, the existing record is sufficient for us to resolve the petition without additional briefing and without "a recommendation by the Board concerning

reinstatement." *See* D.C. Bar R. XI, § 16 (d)(2) (permitting the court, "[i]n its discretion," to request the Board's view).

"In a disciplinary case, this court accepts the [Hearing Committee's] findings of fact unless they are unsupported by substantial evidence of record." *In re Samad*, 51 A.3d 486, 495 (D.C. 2012) (quoting *In re Shariati*, 31 A.3d 81, 86 (D.C. 2011)); *see also* D.C. Bar R. XI, § 9 (h)(1). Although we place "great weight" on the Hearing Committee's recommendation, "this court has the ultimate authority to decide whether to grant a petition for reinstatement." *In re Sabo*, 49 A.3d 1219, 1224 (D.C. 2012) (quoting *In re Bettis*, 644 A.2d 1023, 1027 (D.C. 1994)). Here, the Hearing Committee carefully considered each of the five factors that this court has designated for consideration in the disposition of petitions for reinstatement. *In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985). Based upon the Hearing Committee's report, which found deficiencies in all five of the *Roundtree* factors, and based upon the record in this matter, we conclude that Mr. Butler has not demonstrated by clear and convincing evidence that he is fit to resume the practice of law. D.C. Bar R. XI, § 16 (d)(1) (a) & (b) (stating that an attorney seeking reinstatement must establish by clear and convincing evidence that "the attorney has the moral qualifications, competency, and learning in law required for readmission" and that "the resumption of the practice of law by the attorney will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest"). Lastly, we direct Mr. Butler to D.C. Bar R. XI § 16 (g), which states that in the event a petition for reinstatement is denied, "no further petition for reinstatement may be filed until the expiration of at least one year following the denial[.]"

**PER CURIAM**